**Jonathan HUNTSBERRY, Plaintiff–Appellant,**

v.

**WILLAMETTE VALLEY COMPANY, Defendant–Appellee.**

No. 12–30994.

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

April 22, 2013.

Tamara Simone Battles, Esq., Alexandria, LA, for Plaintiff–Appellant.

---

Timothy Hugh Scott, Esq., Michelle Ilene Anderson, Fisher & Phillips, L.L.P., New Orleans, LA, for Defendant–Appellee.

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM: *

Jonathan Huntsberry ("Huntsberry") sued his former employer, Willamette Valley Company ("Willamette"), alleging that he was terminated based upon his age (44) and that he was subjected to a hostile work environment. In response to Willamette's motion for summary judgment, Huntsberry also made vague claims of retaliation for environmental reporting in violation of a Louisiana statute and, at various times, he has asserted that his termination was in retaliation for engaging in a protected activity. The district court granted Willamette's motion for summary judgment on the entire case in a careful and thorough opinion. Huntsberry timely appealed.

We review the grant of summary judgment de novo. *Gen. Universal Sys., Inc. v. HAL, Inc.,* 500 F.3d 444, 448 (5th Cir. 2007). While all inferences and credibility determinations are made in the non-movant's favor in this context, speculation and conclusory statements cannot defeat a summary-judgment motion. *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (en banc). Here, Huntsberry's entire age-discrimination claim rests on his assertion that he was replaced by a worker "in his twenties." However, he fails to point to any record evidence that he was replaced by a younger worker, and the competent summary-judgment evidence is to the contrary. *See* FED. R.APP. P. 28(a)(9)(A) (requiring record citations); *Yohey v. Collins,* 985 F.2d 222, 224–25 (5th Cir.1993) (an appellant's failure to adequately brief an issue results in a determination that the issue is abandoned). Similarly, he fails to cite any facts to support his retaliation and hostile-work-environment claims. Finally, assuming *arguendo* that his Louisiana state-law claim was properly before the district court despite his failure to plead it, Huntsberry fails to cite any environmental law violated by the alleged "dumping" about which he allegedly complained to Willamette. *See Roberts v. Fla. Gas Transmission Co.,* 447 Fed. Appx. 599, 602 (5th Cir.2011) (unpublished) [1] (holding that a "complaint regarding an employment practice which might have some hypothetical consequence on the environment does not amount to a reasonable belief that the practice is against the law"), *cert. denied,* —— U.S. ——, 132 S.Ct. 1862, 182 L.Ed.2d 644 (2012); *cf.* LA.REV.STAT. ANN. § 30:2027(A)(1) (protecting workers from retaliation for reporting perceived violations of environmental laws).

In short, Huntsberry offers nothing in the way of law or facts to refute the district court's opinion. The district court's summary judgment is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1. Although this case is unpublished and therefore not precedent, we cite it for its persuasive authority and the similarity to the facts presented here.