# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-31142
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 27, 2014

Lyle W. Cayce
Clerk

TRACY MITCHELL,

Plaintiff–Appellant

v.

U T L X MANUFACTURING, L.L.C.,

Defendant–Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:10-CV-1018

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:*

Plaintiff–Appellant Tracy Mitchell ("Mitchell") appeals the district court's grant of summary judgment on claims he brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII") for race discrimination, hostile work environment, and retaliation.  We affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-31142

## I. BACKGROUND

In January of 2007, Mitchell began working as an assembler for Defendant–Appellee UTLX Manufacturing, L.L.C. ("UTLX"). Mitchell, who is African-American, was under the direct supervision of Cliff Holt ("Holt"), who is white. Mitchell alleges that in April 2007, Holt irately accused him of damaging a tank jacket and cursed at him. Mitchell denied damaging the jacket and contacted a hotline for the Marmon Group, UTLX's parent company, to complain about Holt's behavior.

Mitchell claims that he became the target of racial discrimination and harassment in retaliation for making the report about Holt. Several days after he made the call to the hotline, Mitchell was transferred from the day shift to the night shift. Mitchell alleges that his new supervisor on the night shift yelled at him for failing to properly store a hose. He also claims that Holt, while pointing to Mitchell's reflection in a mirror, said "see the machine, the monkey on the machine." Mitchell later developed an allergic reaction to a detergent at work and was given Benadryl at UTLX's health center; he alleges that when he returned to work, a white coworker called him a "crack head."

Mitchell claims that, during 2007 and 2008, he applied for promotions to the Welder B and machine operator positions but that he was not selected for either position. According to Mitchell, he was required to pass an elementary math test to qualify for those positions, but he also admits that he did not pass the test. Mitchell contacted the assistant to UTLX's human resources director and a UTLX production manager to discuss the fact that he had not been promoted. He also contacted the Berkshire-Hathaway Group Alert Line, which had taken the place of the Marmon Group hotline, to complain about his lack of promotion.

Mitchell then filed a formal complaint with the Equal Employment Opportunity Commission ("EEOC"), alleging that he had been subject to race

No. 13-31142

discrimination and retaliation, and the EEOC issued a right to sue letter. Mitchell sued UTLX for race discrimination, retaliation, and hostile work environment. UTLX filed a motion for summary judgment, and the district court granted UTLX's motion and dismissed Mitchell's suit with prejudice. Mitchell timely appealed.

## II. JURISDICTION AND STANDARD OF REVIEW

The district court had jurisdiction pursuant to 42 U.S.C. § 2000e-5(f)(3). Because this is an appeal of a final judgment of a district court, this Court has jurisdiction under 28 U.S.C. § 1291.

## III. DISCUSSION

On appeal, Mitchell argues that the district court erred in granting UTLX's motion for summary judgment as to each of his claims. We review a grant of summary judgment de novo. Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Although we view all facts in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor, *see Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997), conclusory allegations will not defeat a properly supported motion for summary judgment, *Whelan v. Winchester Prod. Co.*, 319 F.3d 225, 230 (5th Cir. 2003) (citing Fed. R. Civ. P. 56(e)).

### A. Race Discrimination

Mitchell argues that he was not promoted to the position of Welder B or machine operator because of his race. In order to present a prima facie case of discrimination in a failure to promote case, Mitchell must prove: "(1) that [he] is a member of the protected class; (2) that he sought and was qualified for the position; (3) that he was rejected for the position; and (4) that the employer continued to seek or promoted applicants with the plaintiff's qualifications."

*Davis v. Dall. Area Rapid Transit*, 383 F.3d 309, 317 (5th Cir. 2004).  The district court found that Mitchell had failed to present a prima facie case of race discrimination because, *inter alia*, he had not alleged facts showing that he was qualified for the position he sought.  The district court noted that applicants for the Welder B and machine operator positions were required to pass a math test.  Because Mitchell had failed the required math test, the district court concluded he had failed to prove a prima facie case of race discrimination.

On appeal, Mitchell does not dispute this conclusion.  Instead, Mitchell claims the district court erred because he was qualified for those positions "[b]ased on his previous experiences prior to working for UTLX."  Mitchell's own briefing, however, reiterates that applicants were required to pass the math test in order to be qualified for the positions he sought, and it is undisputed that he failed the test.  Thus, because he did not assert facts showing he was qualified for the position he sought, Mitchell failed to prove a prima facie case of race discrimination, and summary judgment was appropriate as to his race discrimination claim.

**B.  Retaliation**

Mitchell next argues the district court erred in dismissing his retaliation claim.  In order to establish a prima facie case of retaliation, Mitchell must prove: (1) he engaged in a protected activity; (2) an adverse employment action occurred; and (3) there is a causal link between his protected activity and the adverse employment action.  *See Septimus v. Univ. of Hous.*, 399 F.3d 601, 610 (5th Cir. 2005).  "Protected activity is defined as opposition to any practice rendered unlawful by Title VII, including making a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing under Title VII."  *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 385 (5th Cir. 2003) (citation and internal quotation marks omitted).  The district court found that

Mitchell had failed to assert facts that he was engaged in a protected activity. Mitchell had alleged retaliation after his call in April 2007 to the Marmon Group's hotline, wherein he reported a grievance with his supervisor. But, the district court found that Mitchell was complaining about an incident with his supervisor where his supervisor did not engage in any discriminatory conduct. Because of this, his phone call was not a protected activity, and so the district court concluded Mitchell had failed to establish a prima facie case of retaliation.

Mitchell again offers no facts or law to refute the district court's conclusion. Mitchell's brief states that he made the call to the Marmon Group hotline after Holt yelled at him for damaging a "fucking jacket." But, nothing about this incident suggests that Holt's behavior was discriminatory in nature or that Holt engaged in a practice rendered unlawful by Title VII. Thus, Mitchell's complaint about the incident does not qualify as protected activity. We hold the district court correctly dismissed Mitchell's claim for retaliation because he failed to assert facts showing he was engaged in protected activity.

## C. Hostile Work Environment

Finally, Mitchell argues that the district court erred in dismissing his hostile work environment claim. "Title VII requires employees to exhaust their administrative remedies before seeking judicial relief." *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 273 (5th Cir. 2008). "[T]his court construes an EEOC complaint broadly but in terms of the administrative EEOC investigation that can reasonably be expected to grow out of the charge of discrimination." *Id.* (internal quotation marks omitted). Applying this rule, the district court thoroughly analyzed Mitchell's initial and amended EEOC complaints and ultimately concluded that his complaints only asserted claims for race discrimination and retaliation. Because Mitchell had failed to bring his hostile work environment claim to the EEOC before bringing it to the

district court, the district court found he had not exhausted his administrative remedies and dismissed his claim.

On appeal, Mitchell never addresses the district court's administrative exhaustion ruling and thus abandons any challenge to the district court's reasoning for granting UTLX's motion for summary judgment. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993) (issues not briefed are abandoned); *see also Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994) ("A party who inadequately briefs an issue is considered to have abandoned the claim."). Even if we were to consider the district court's finding that Mitchell had failed to exhaust the administrative remedies for his hostile work environment claim, we would affirm the district court. Upon reviewing both Mitchell's initial and amended EEOC complaints, it is clear that Mitchell raised only his race discrimination and retaliation claims before the EEOC. Thus the district court correctly dismissed his hostile work environment claim as unexhausted.

## IV. MOTION FOR SANCTIONS

UTLX has also filed a motion for sanctions against Mitchell or his counsel, or both. UTLX argues that Mitchell's appeal violates Federal Rule of Appellate Procedure 28 and is "devoid of legal authority establishing error and identification of error in the District Court's ruling." UTLX further argues that sanctions are appropriate because Mitchell's attorney has filed frivolous appeals in the past, citing *Huntsberry v. Willamette Valley Co.*, 547 F. App'x 403 (5th Cir. 2013) (per curiam) (unpublished) to support this claim.

We deny UTLX's motion for sanctions and its motion for double costs and attorney's fees. But, counsel for appellant is advised that further filing of frivolous appeals will result in sanctions. This appeal borders on frivolous for failing to address any legal error of the district court or to present a cognizable basis for reversal. Counsel for appellant is also advised that all briefs must

No. 13-31142

comply with the requirements of Federal Rule of Appellate Procedure 28. *See* Fed. R. App. P. 28 (briefs must contain, *inter alia*, a statement of the relevant facts with references to the record and an argument section with "citations to the authorities and parts of the record on which the appellant relies").

## V. CONCLUSION

For the foregoing reasons, we AFFIRM.

IT IS ORDERED that the appellee's motion for sanctions against the appellant and/or appellant's counsel is DENIED.

IT IS FURTHER ORDERED that the appellee's motion for attorney's fees and costs is DENIED.

IT IS FURTHER ORDERED that further frivolous appeals will result in sanctions.